UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARREN E. JOSEPH, JR. (#133014)                    CIVIL ACTION

VERSUS

SHIRLEY KAY BYRD, ET AL.                           NO. 11-0266-RET-CN

## O R D E R

On or about April 21, 2011, the pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Shirley Kay Byrd and Warden Burl Cain, complaining that his constitutional rights were violated in October, 2010, when defendant Byrd issued him a false disciplinary report and when defendant Cain acted improperly in connection with an administrative grievance filed by the plaintiff relative to defendant Byrd's alleged wrongdoing. The plaintiff also complains that defendant Byrd has acted inappropriately by having the plaintiff assist with the defendant's divorce proceedings.

By correspondence dated May 6, 2011, the Court directed the plaintiff to resubmit his Complaint within twenty-one (21) days, correctly identifying the parties where appropriate on the Court's approved Complaint form, and to either pay the Court's filing fee within such time or submit a properly completed motion to proceed in forma pauperis, together with a Statement of Account certifying to the average six-month deposits and balance in his inmate account(s). Rec.doc.no. 3. The plaintiff was specifically advised that "failure to amend the pleadings as indicated will result in the dismissal of your suit by the court without further notice." Id. A review of the record by the Court

reflects that the plaintiff attempted to comply with the Court's directive but apparently did so by submitting his amended pleadings to the Court without referencing the appropriate case number. As a result, the Clerk of Court filed and docketed the re-submitted pleadings as a separate civil action, which appears to assert the identical claims against the same defendants. See <u>Warren E. Joseph, Jr. v. Shirley Kay Byrd, et al.</u>, Civil Action No. 11-0347-FJP-CN. Service was thereafter effected upon the defendants in that proceeding, and the matter proceeded in a conventional manner, essentially as a continuation of the instant proceeding. That matter has since been dismissed upon the plaintiff's motion for voluntary dismissal, but there is currently pending a motion by the plaintiff to reinstate the proceedings. It is thus appropriate that the instant civil action be dismissed as duplicative of the second-filed action. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, as duplicative. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this ___ day of August, 2011.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE